UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAULA L GORDON,<br><br>Plaintiff,<br><br>v.<br><br>VIKK D NICOLL,<br><br>Defendant | Case No. 4:22-cv-00235-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

This case involves claims for breach of contract and quiet title related to real property located in Idaho. The case was originally filed in state court in Butte County, Idaho, but was removed to federal court by Defendant, Vikk Nicoll, based on diversity jurisdiction. (Dkt. 1-1.) Pending before the Court is a motion to remand filed by Plaintiff, Paula L. Gordon. (Dkt. 3.) For the reasons discussed below, the Court will deny the motion.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction authorized by the Constitution and federal statute. Any civil action over which federal district courts have original jurisdiction may be removed to the

district where such action is pending. 28 U.S.C. § 1441(a). A federal court may also remand a removed action to state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447.

Here, the action was removed on the basis of diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the litigating parties. *See* 28 U.S.C. § 1331. Diversity jurisdiction for purposes of removal "is determined (and must exist) as of the time the complaint is filed and removal is effectuated." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *see Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015) ("it is clear the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint") (citing *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570-72 (2004)). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).

## ANALYSIS

### A. Whether there is Diversity Jurisdiction

Plaintiff contends that Defendant has failed to meet his burden of establishing that removal was proper. Specifically, Plaintiff contends that

Defendant has not established that there is diversity of *citizenship* because the notice of removal states only that "the plaintiff and defendant *reside* in different states, with the plaintiff residing in Idaho and defendant residing in Illinois." (Dkt. 3-1 (quoting Dkt. 1 at 2) (emphasis added).)

Plaintiff correctly points out that citizenship, not residence, is relevant for determining diversity jurisdiction. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.1986)). Further, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.; see Weible v. United States*, 244 F.2d 158, 163 (9th Cir.1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

Defendant points out that, although the Notice of Removal speaks in terms

of residence rather than citizenship, his answer does refer to citizenship and specifically states that Defendant Nicoll "is an individual who is a citizen of the State of Illinois," and that Plaintiff Gordon "is an individual who is believed to be a citizen of the State of Idaho, residing in Butte, County, Idaho." (Dkt. 1-4 at 3, ¶ 3.)

The error in the removal petition of referring to the state of "residence," rather than the state of "citizenship" is not fatal and does not require remand because the error can be corrected through an amendment to the notice of removal. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 400 (1925) (defect in diversity jurisdiction allegation stating residence of a party, rather than the citizenship of a party, "may be cured by amendment"); *Kanter*, 265 F.3d at 858 ("The district court noted, however, and we agree, that Pfizer could potentially have cured its defective allegations regarding citizenship by amending its notice of removal."); 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Plaintiff also challenges Defendant's citizenship and specifically states her belief that Defendant was a citizen of Idaho rather than Illinois at the relevant times. In light of this dispute regarding Defendant's citizenship, the Court will allow limited jurisdictional discovery for the purpose of establishing Defendant's

citizenship at the time the case was filed and the time the case was removed. *See, e.g., Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (district courts may allow limited jurisdictional discovery).

### B. Whether Removal was Timely

Plaintiff also contends that removal of this action was untimely. The Court disagrees.

Under 28 U.S.C. § 1446(b) there are two avenues for removal. The first avenue provides that a notice of removal "shall be filed within 30 days" of receipt by the defendant of a copy of the initial pleading setting forth the claim or service of the summons, whichever is shorter. 28 U.S.C. § 1446(b)(1). The second avenue provides that if a case is not removable based on the initial pleading, a notice of removal may be filed within 30 days of receipt by the defendant of an amended pleading, motion, order, or other paper through which it can be ascertained for the first time "that the case is one which is or has become removable." *Id.* at (b)(3).

Here, the amended complaint was filed on February 22, 2022. (Dkt. 1-2.) In that complaint, Plaintiff alleges that she is a "resident" of Idaho, and that Defendant is also a "resident" of Idaho. (*Id.*) As noted previously, residency does not provide a sufficient basis to establish a party's citizenship for purposes of diversity jurisdiction. *See Kanter*, 265 F.3d at 857. Thus, the allegation in Plaintiff's amended complaint that she is a resident of Idaho was not sufficient to

trigger the thirty-day deadline for removal under 28 U.S.C. § 1446(b). *See id.; Osorio v. Hol-Mac Corp.*, No. 20-CV-00236-JCS, 2020 WL 1240165, at *3 (N.D. Cal. Mar. 15, 2020) (allegation in complaint that the plaintiff is a resident of California was not sufficient to trigger the thirty-day deadline for removal under § 1446(b)).

However, in a pleading titled "Reply to Counterclaim," filed and served on Defendant on May 3, 2022, Plaintiff admitted that she is a "citizen" of the State of Idaho. (Dkt. 1-5 at 3.) Plaintiff's admission of citizenship in this pleading was sufficient to trigger § 1446(b)'s 30-day deadline because it was ascertainable for the first time that diversity jurisdiction existed and that the case was thus removable. Defendant filed the notice of removal 30 days later, on June 2, 2022. The removal was therefore timely.

Plaintiff contends, nonetheless, that based on prior relationship and litigation history with Plaintiff, Defendant "was well aware that" Plaintiff was domiciled in, and thus a citizen of, Idaho. In support, Plaintiff cites to her amended complaint; Defendant's answer to the amended complaint and counterclaim in which Defendant alleges that he is a citizen of Illinois and that Plaintiff is a citizen of Idaho; and to a stipulation of compromise and settlement that underlies the present action and which was attached to Defendant's answer.

As stated previously, the amended complaint speaks in terms of residence and is thus insufficient to establish Plaintiff's citizenship. Further, the Ninth Circuit has rejected a defendant's subjective knowledge as the test for notice of removability and has also rejected the imposition of a duty to investigate beyond the face of the pleadings, motions, orders, or other papers received by the defendant. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021) ("[A]n amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3)."); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005) (rejecting defendant's subjective knowledge as test for notice of removability and requiring that ground for removal be affirmatively revealed in the initial pleading). Thus, that Defendant may have been subjectively aware that Plaintiff may have been a citizen of Idaho is not relevant.

It was not until Plaintiff affirmed, through her reply to Defendant's counterclaim, that she was indeed a citizen of Idaho, that the ground for removal was "unequivocally clear and certain" in a pleading, motion, order, or other paper served on Defendant. Thus, the 30-day deadline under the second pathway for removal under § 1446(b)(3) was triggered at that time. Because the notice of removal was filed 30 days later, it was timely.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Remand (Dkt. 3) is DENIED without prejudice to renewal following the close of jurisdictional discovery.

2. The parties are granted leave to conduct limited jurisdictional discovery for the purpose of establishing Defendant's citizenship at the time the case was filed and removed. The deadline for this limited discovery is February 1, 2023.

DATED: December 1, 2022

B. Lynn Winmill
U.S. District Court Judge