UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAULA L. GORDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VIKK D NICOLL,<br><br>　　　　Defendant. | Case No. 4:22-cv-00235-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Plaintiff Paula Gordon's motion to compel (Dkt. 14) and Defendant Vikk Nicoll's motion to extend time (Dkt. 15). For the reasons explained below, the Court will deny Mr. Nicoll's motion and grant Ms. Gordon's motion.

## BACKGROUND

This case involves claims for breach of contract and quiet title related to real property located in Idaho. The case was originally filed in state court in Butte County, Idaho, but was removed to federal court by Mr. Nicoll based on diversity jurisdiction. *See Notice of Removal*, Dkt. 1-1. Ms. Gordon opposed removal and filed a motion to remand. *See* Dkt. 3.

**MEMORANDUM DECISION AND ORDER - 1**

On December 1, 2022, the Court denied Ms. Gordon's motion to remand without prejudice, explaining that the notice of removal was timely and that the error of referring to the state of "residence," rather than the state of "citizenship" was not fatal because the error could be corrected through an amendment to the notice of removal. *See MDO* at 4, Dkt. 9. However, due to Ms. Gordon challenging Mr. Nicoll's purported citizenship at the relevant time, the Court granted the parties leave to conduct limited jurisdictional discovery "for the purpose of establishing [Mr. Nicoll's] citizenship at the time the case was filed and the time the case was removed." *Id.* at 4-5. The Court set the deadline to complete this jurisdictional discovery for February 1, 2023.

On May 12, 2023, Ms. Gordon filed a motion to compel. *See Plf.'s Br.*, Dkt. 14-1. Ms. Gordon's motion seeks to compel discovery responses to multiple interrogatories and requests for production. *See id.* at 2-8. Interrogatory No. 1—the first disputed discovery response—stated, "please list all the places you have lived or resided from January 1, 2020 until present, including address, type of dwelling (house, apartment, etc.), and dates of residence/occupation. Including living arrangements." *Id.* at 2. Mr. Nicoll's Answer to Interrogatory No. 1 states:

> Object, the defendant's "residence" or "domicile" is not relevant but rather his "citizenship." . . . . Moreover, [t]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986). As such, the

**MEMORANDUM DECISION AND ORDER - 2**

> defendant's residence prior to the filing of the lawsuit is irrelevant. Enclosed are documents which demonstrate the defendant's citizenship to be in Illinois. . . .

Id. at 3. The remaining discovery requests at issue generally seek information regarding the defendant's living situation from 2020 until the present. *See, e.g., id.* at 3-7. To each contested discovery request, Mr. Nicoll states, "[p]lease see objection and response to Interrogatory # 1 and which is incorporated herein." *See id.* at 3-7.

On July 11, 2023—over a week after the deadline had passed, Mr. Nicoll filed a motion to extend the deadline to file a response to the motion to compel until July 17, 2023. *See Def.'s Br.* at 1, Dkt. 15. Mr. Nicoll's counsel explained that more time was needed because, due to a death in the family, Mr. Nicoll had been unavailable for two weeks and he had been recovering from an extended illness which put him behind on the demands of his calendar. *See Olsen Dec.* ¶¶ 2-3, Dkt. 15-1. However, despite requesting an extension, July 17 came and went without Mr. Nicoll filing any opposition to the motion to compel.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26, as amended effective December 1, 2015, governs the scope and limits of discovery. It provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 37, a party seeking discovery may move for an order compelling production by a party who has failed to answer an interrogatory or produce requested documents. Fed. R. Civ. P. 37(a)(3). While the moving party must make a threshold showing of relevance, *see, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352, (1978), the party resisting discovery carries the "heavy burden" of showing specifically why the discovery request is irrelevant, unduly burdensome, disproportional to the needs of the case, or otherwise improper. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## ANALYSIS

### A. Motion to Extend Time

As a threshold matter, the Court will deny Mr. Nicholl's motion to extend the deadline to file a motion. First, Mr. Nicholl's motion to extend was not timely filed. The deadline to file a response to the motion to compel was July 3, 2023. Mr. Nicholl's motion to extend was not filed till July 11, 2023—more than a week after the deadline—and did not contain an opposition in the motion. Although Mr.

**MEMORANDUM DECISION AND ORDER - 4**

Nicholl provided reasoning for the need for additional time—albeit sparse—he provided no explanation why the motion to extend was not timely filed.

Regardless of the justification for the extension or untimely motion, it is unnecessary for the Court to determine whether an extension is warranted, as it appears that Mr. Nicholl has abandoned his request. As mentioned, Mr. Nicholl requested an extension until July 17, 2023 to file a response. July 17, however, has long since passed and Mr. Nicholl has failed to file an opposition. Indeed, nearly three months have passed, and Mr. Nicholl has yet to file anything else with the Court. Accordingly, the Court will deem Mr. Nicholl's failure to file an opposition within the requested period as a withdrawal of his motion and will, therefore, deny his request.

### B.    Motion to Compel

Turning to the discovery dispute, the Court will grant Ms. Gordon's motion to compel. As described in more depth below, after reviewing the disputed discovery requests and motion to compel, the Court finds that the various interrogatories and their corresponding requests for production are relevant to the purpose limited jurisdictional discovery was allowed—determining Mr. Nicholl's citizenship. Thus, given the Court's prior discussion, the Court finds Mr. Nicholl's lack of opposition sufficient grounds to grant Ms. Gordon's motion.

**MEMORANDUM DECISION AND ORDER - 5**

Nevertheless, even if Ms. Nicholl had opposed the motion to compel, the Court finds his objections unpersuasive. While Mr. Nicholl accurately states that citizenship, not residence, is relevant for determining diversity jurisdiction, that does not mean that his domicile and residence are irrelevant to determining the issue. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." ). As the Court previously explained, a "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.1986)). Accordingly, a person's domicile and residence are clearly relevant factors in determining one's citizenship. Because they are relevant factors to the very issue the limited discovery was intended to resolve, they undeniably fall within the scope of Rule 26. *See Oppenheimer Fund*, 437 U.S. at 35 (for purposes of discovery, is to be construed broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.") (citation omitted).

Mr. Nicoll's claim that his "residences prior to the filing of the lawsuit [are] irrelevant" is similarly unpersuasive. While Mr. Nicholl again accurately states the

**MEMORANDUM DECISION AND ORDER - 6**

law, his scope of relevancy is far too limited. The Court acknowledges that, at some point, an individual's prior residence may become irrelevant or disproportionate to the needs of the case. However, that is not the case here. Generally, Ms. Gordon has limited her discovery requests to the two years prior to the lawsuit being filed. Since Mr. Nicholl provided no opposition and given the close timeline of Mr. Nicholl's alleged change in citizenship, the Court cannot say that information from the prior two years is inherently irrelevant or disproportionate to the needs of this case.

Accordingly, The Court will grant Ms. Gordon's motion to compel, and Mr. Nicholl must provide full and accurate responses to the discovery requests at issue within 14 days. *See, e.g.*, *Barrios v. Janpro, Inc.*, No. C 07-02189 JF (RS), 2008 WL 2225632, at *2 (N.D. Cal. May 28, 2008) ("As Plaintiff's requests appear reasonably calculated to lead to the discovery of admissible evidence, as required by FRCP 26, and the motions are unopposed, the motions are granted.").

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion to Compel (Dkt. 14) is **GRANTED**.

2. Defendant is further ordered to provide adequate discovery responses to the challenged interrogatories and requests for production within 14 days from

MEMORANDUM DECISION AND ORDER - 7

this Order.

    2.    Defendant's Motion to Extend (Dkt. 15) is **DENIED**.

DATED: October 4, 2023

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 8**