UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAULA L. GORDON,<br><br>  Plaintiff,<br><br>  v.<br><br>VIKK D. NICOLL,<br><br>  Defendant. | Case No. 1:22-cv-00235-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Paula Gordon's renewed motion to remand (Dkt. 21). For the reasons discussed below, the Court will grant the motion.

## BACKGROUND

In October 2017, Ms. Gordon purchased real property at 2660 N. 3520 W. in Moore, Idaho. *Id.* at ¶ 4. Inadvertently, at least according to Ms. Gordon, both Ms. Gordon and Vikk Nicoll were listed on the warranty deed conveying the property. *Id.* at ¶ 5. In January 2020, Ms. Gordon filed an action seeking partition of the property. *Id.* at ¶ 8. Mr. Nicoll filed a counterclaim, also seeking partition of the property. *Id.* at ¶ 9. The parties ultimately reached a settlement as to all of their

MEMORANDUM DECISION AND ORDER - 1

claims in May 2021, including, among other terms, that Ms. Gordon would pay Mr. Nicoll $75,000 for the release of his claims on the Moore property. *Id.* at ¶ 11–12. Accordingly, Ms. Gordon paid the sum to Mr. Nicoll and dismissed her claim. *Id.* at 15. Mr. Nicoll, however, never executed a quitclaim deed releasing his interest in the property as required by the agreement and continues to refuse to do so. *Id.* at ¶ 21.

As a result, in January 2022, Ms. Gordon filed an action in Butte County, Idaho for breach of contract and to quiet title on the Moore property. *State Court Complaint*, Dkt. 1-2. Mr. Nicoll removed the case to federal court in June 2022 on the basis of diversity jurisdiction because he claimed to be a citizen of Illinois. *Notice of Removal*, Dkt. 1. Ms. Gordon disputes this claim as she believes Mr. Nicoll was a citizen of Idaho during the relevant period. *Motion for Remand*, Dkt. 3. The Court denied Ms. Gordon's first motion to remand and, instead, ordered limited jurisdictional discovery related to Mr. Nicoll's citizenship. *Order*, Dkt. 9. Following the close of this limited discovery, Ms. Gordon renewed her motion to remand, maintaining that Mr. Nicoll is not a citizen of Illinois. *Renewed Motion to Remand*, Dkt. 21. Mr. Nicoll opposes the motion.

## LEGAL STANDARD

In deciding a motion to remand, courts look to whether the case was

properly removed to federal court in the first place. *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). "Because of the '[c]ongressional purpose to restrict the jurisdiction of the federal courts on removal,' . . . federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Duncan v. Steutzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

A defendant may remove a case originally filed in state court when the case presents a federal question or if the requirements for diversity jurisdiction are met. 28 U.S.C. § 1441. This means only state court actions that could originally have been filed in federal court may be removed to federal court. *Id.* There is a "strong presumption" against removal and the defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## ANALYSIS

Mr. Nicoll removed this case to federal court on the basis of diversity jurisdiction. Mr. Nicoll claims he is a citizen of Illinois while the plaintiff, Ms. Gordon, is a citizen of Idaho. Ms. Gordon now seeks to remand this case because she claims Mr. Nicoll cannot establish that he is a citizen of Illinois for purposes of diversity jurisdiction. A federal court has diversity jurisdiction over a case where

**MEMORANDUM DECISION AND ORDER - 3**

the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Diversity must "be assessed as of the time that the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1132 (9th Cir. 2002). Here, this case was originally filed on January 20, 2022 and removed to federal court on June 6, 2022.

"To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). It is not disputed that Mr. Nicoll is a citizen of the United States, rather, the only dispute is whether or not Mr. Nicoll is domiciled in Illinois. "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)).

A domicile is not lost until a new domicile is acquired. *Barber v. Varleta*, 199 F.2d 419, 423 (9th Cir. 1952). "A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." *Id.* Courts have identified several factors that bear on this

**MEMORANDUM DECISION AND ORDER - 4**

determination, however, no single factor is controlling. Those factors include:

> current residence, voting registration and voting practice, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.

*Id.* This determination must be made by "objective facts" and "statements of intent are entitled to little weight" when the facts conflict. *Id.*

Mr. Nicoll states he is domiciled in and has "always considered Illinois [his] permanent home." *Nicoll Decl.* at ¶ 4, Dkt. 22-2. On one hand, some evidence supports this statement. His mother and stepfather live in Illinois and his father and stepmother lived in the state until his father passed away. *Id.* at ¶ 5. He has spent more time in Illinois in the last four years than any other state. *Id.* at ¶ 4. His driver's license is issued by Illinois, and he has been registered to vote in the state since 2004. Pl.'s Exs. B & E. He owns three properties in the state, one of which is a residence. *Nicoll Decl.* at ¶ 4, Dkt. 22-2. He has paid utilities on the residence since 2013, though it does not appear he has ever lived there. *Id.* He has also filed taxes in Illinois beginning in 2016 through the present. *Id.* Mr. Nicoll has also filed taxes in Idaho, however, each year he has done so as a nonresident. *Id* at ¶ 7. Mr. Nicoll's business, formed in 1995, is and has always been registered in Illinois. *Id.* at ¶ 4. Similarly, his bank accounts are all registered in Illinois. *Id.* He also claims

**MEMORANDUM DECISION AND ORDER - 5**

that he keeps family heirlooms and personal property in Illinois. *Id.*

On the other hand, some evidence also supports Ms. Gordon's contention that Mr. Nicoll is not a citizen of Illinois. First, Ms. Gordon states that during the ten years they were in a relationship, from 2009 until 2019, he never lived in Illinois. *Gordon Decl.* at ¶ 2, Dkt. 21-3. Even now, he has no established home in Illinois, but bounces between his parents' houses and friends' houses. Pl.'s Ex. A. He has left Illinois for significant periods of time, including to spend time in Nevada and Idaho with his now ex-wife Dwan Wheatley. Pl.'s Ex. A. Mr. Nicoll was married to Ms. Wheatley for several years, during which he appeared to have lived with her at her home in Pocatello, Idaho. Pl. Ex. A. He also continues to keep some personal property in Idaho and has returned to the state several times since separating from Ms. Wheatley and moving out of her house. The most compelling evidence that Mr. Nicoll is domiciled in Idaho is that he continues to register his cars in the state, even after he supposedly moved to Illinois.[1] Each of the current registrations lists Mr. Nicoll's address as an address in Arco, Idaho. Pl. Ex. D.

Ms. Gordon also questions the reliability of some of Mr. Nicoll's evidence

---

[1] All three of Mr. Nicoll's cars are currently registered in Idaho. Mr. Nicoll seems to have started registering his cars in Idaho in 2018 and has continued to do so, most recently in 2023. It seems the last car he registered in Illinois was a 2000 GMC 2500 Sierra 4x4 in June 2019 and that registration is now expired.

**MEMORANDUM DECISION AND ORDER - 6**

that he is domiciled in Illinois. First, Mr. Nicoll's Idaho tax returns indicate he filed as a nonresident, those returns have been amended and Mr. Nicoll has not explained the purpose of the amendment. Additionally—and puzzlingly—Mr. Nicoll filed taxes as a single individual even during the years he was married to Ms. Wheatley, rather than "Married, filing separately" as one would expect for someone who is married but wants to file separate taxes. Second, despite being registered to vote in Illinois since 2004, until November 2022, he had not voted in any election since 2006. Pl. Ex. E at 27, Dkt. 21-2. Third, Ms. Gordon suggests that Mr. Nicoll's recitation of his residency history may not be reliable because on several days in the summer of 2023 where he claimed to be in Illinois or Nevada, Ms. Gordon saw him in Arco, Idaho. *Gordon Decl.* at ¶ 5–6, Dkt. 21-3.

A lot of the difficulty in determining where Mr. Nicoll is domiciled stems from the fact that he does not appear to have a permanent residence and moves between several states. Beginning in February 2020, Mr. Nicoll lived with Ms. Wheatley in Idaho until April 2020. Pl. Ex. A at 7, Dkt. 21-2. Between April 2020 and September or October 2020, it seems he spent most of his time in hotels in Oklahoma and Utah for work related reasons. *Id* at 2. When he was not on location for work, he was in Illinois at his parents' or a friend's house for brief periods. *Id.* In September 2020, however, it appears he moved back in with Ms. Wheatley in

**MEMORANDUM DECISION AND ORDER - 7**

Idaho. *Id.* He spent about 40 days at her house before returning to Oklahoma and Utah for work. *Id.* at 2–3. When he was not on location for work, he stayed at Ms. Wheatley's house in Idaho, though he spent about two weeks in February 2021 with a friend in Illinois. *Id.* at 4. By June 2021, it appears he moved out of Ms. Wheatley's house and, when he was not in a hotel for work, he stayed with a friend in Illinois. *Id.* He then moved in with his parents in late 2021 and stayed there until May 2022 when he moved in with another friend in Illinois. *Id.* at 4–5. In November 2022, he moved to Reno, Nevada with Ms. Wheatley where he remained until August 1, 2023, when he briefly returned to Idaho before moving in with his parents in Illinois on August 12, 2023. *Id.* at 5.

Ms. Gordon suggests that the best characterization of Mr. Nicoll's domicile is "stateless." The Supreme Court has held that a United States citizen domiciled abroad is considered stateless for purposes of diversity jurisdiction, which destroys diversity. *Newman-Green, In. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989). That is not the case here. Mr. Nicoll is not domiciled abroad. The category of "stateless" is not a workaround for cases where determining domicile is difficult or where an individual is between places. The law accounts for an individual's transitory or even nomadic behavior by instructing that an individual's domicile is not lost until a new domicile is gained. *Miss. Band of Choctaw Indians v.*

**MEMORANDUM DECISION AND ORDER - 8**

*Holyfield*, 490 U.S. 30, 48 (1874). This means even individuals who leave one domicile and have yet to establish another or those who float nomadically between states still have a domicile. *Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 603 (S.D.N.Y. 1986) ("[I]t is impossible for a United States resident to be without any domicile whatsoever [because] a person may not lose state citizenship without first acquiring some new domicile."); *Brosnan v. Avildsen*, No. C-07-06438 EDL, 2008 WL 2357248, at *3 (N.D. Cal. June 6, 2008) (finding plaintiff who preferred "a nomadic lifestyle" was domiciled in the place he maintains a mailing address and telephone number);

That said, Mr. Nicoll has failed to establish by a preponderance of the evidence that he is a citizen of Illinois. The evidence is simply not conclusive. For instance, Mr. Nicoll keeps personal property in both Idaho and Illinois. Although he owns several properties in Illinois, he does not live at any of them. He has an Illinois driver's license, but all of his cars are registered in Idaho. His parents live in Illinois while his ex-wife Ms. Wheatley lives in Idaho, and he has spent significant time residing with both his parents and his ex-wife.

Other evidence is not particularly helpful either way. For instance, the fact that Mr. Nicoll's business is registered in Illinois provides little information about Mr. Nicoll's domicile because Mr. Nicoll's day-to-day work takes place in Utah

and Oklahoma. Further, he has a second business registered in Wyoming, which he does not claim to be a citizen of. Similarly, in the era of online banking the fact that Mr. Nicoll's bank is in Illinois does not lend a lot of weight to the argument he is domiciled in Illinois. *See e.g.*, *Shimomura v. American Med. Response Inc.*, No. CV-18-00117-TUC-RM, 2018 WL 2057636, at *3 (D. Ariz. May 3, 2018) ("[T]his factor holds very little, if any weight, given the increasing prevalence of online banking."). His tax returns similarly provide little information as the Idaho returns have been amended and neither party has submitted the Illinois returns.[2]

Based on the evidence presented, the Court cannot conclude that Mr. Nicoll has met his burden of proving that he was not a citizen of Idaho when this case was filed and removed. While this is an exceedingly close question, the Court is mindful that it is Mr. Nicoll's burden, and that the Ninth Circuit has instructed that "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The Court will therefore grant Ms. Gordon's motion and remand this case to state court.

---

[2] Mr. Nicoll also cites to Ms. Wheatley's petition for divorce, filed by Ms. Gordon's counsel, as evidence that counsel acknowledges Mr. Nicoll is a citizen of Illinois. That petition, however, was filed on March 5, 2024, so it does not concern the relevant time frame.

**MEMORANDUM DECISION AND ORDER - 10**

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Remand (Dkt. 21) is **GRANTED.**

2. This action shall be remanded to the Seventh Judicial District of the State of Idaho, in and for the County of Butte, and the Clerk is directed to take the steps necessary to effectuate that remand.

DATED: June 11, 2024

B. Lynn Winmill
U.S. District Court Judge